In the Matter of the Estate of CHARLOTTE M. BENNITT, an Incompetent Person.

Supreme Court, Albany County, March 27, 1934.

*John J. Bennett, Jr., Attorney-General [Arthur T. McAvoy* of counsel], for the petitioner.

*Parsons & McClung [Francis L. Ganley* of counsel], for the committee.

SCHENCK, J.   This is an application by the superintendent of the Middletown State Hospital for an order directing the New York State National Bank, as committee of the person and property of Charlotte M. Bennitt, an incompetent person, to reimburse the State hospital for the cost of her maintenance and care while a

patient at that institution from September 1, 1930, to March 1, 1934.

The proceeding is brought pursuant to the provisions of section 40 of the Mental Hygiene Law, which provides that the superintendent of any such institution may bring an action or special proceeding in the name of the institution to recover the amount charged by it for the support of any patient or inmate therein. At the time of the admission of the incompetent as a patient to the hospital, a monthly charge in the sum of fifteen dollars was made to cover her maintenance and care, which amount was regularly paid by the committee from the time of its appointment to and including September 1, 1930. Since that date the maintenance of the incompetent has been borne by the State and the committee has refused to reimburse the institution, although it appears that it has in its possession ample funds so to do. The amount due on March 1, 1934, was the sum of $630.

It is the contention of the committee that the husband of the incompetent is liable for his wife's maintenance and care while a patient in the institution and that the superintendent of the hospital should proceed to collect from the husband. Section 77 of the Mental Hygiene Law provides, in part: " The father, mother, husband, wife and children of an insane person, if of sufficient ability, and the committee or guardian of his person and estate, if his estate is sufficient for the purpose, shall cause him to be properly and suitably cared for and maintained."

The committee of this incompetent has complete and exclusive use and control of her property, and if there exists a liability in behalf of the incompetent as against the husband, it is the duty of the committee to enforce it by an appropriate action or proceeding. The husband is liable for the maintenance and support of his wife at common law, but under the provisions of the Mental Hygiene Law the committee is called upon to maintain the incompetent, provided it has sufficient funds therefor, even though the husband may be in a position to furnish such maintenance.

If the husband is financially able to provide for the care and maintenance of this incompetent, it is the duty of the committee to enforce such liability. That, seemingly, is one of the duties for which the committee is compensated. Under the provisions of the statute, the State is not called upon to commence an action or a special proceeding against this husband where the committee is in possession of some $4,000. That duty is upon the committee.

Order may be entered directing the New York State National Bank, as committee, to reimburse the Middletown State Hospital in the sum of $630, and further directing that the future main-

tenance and care of said incompetent while a patient at such institution shall be the obligation of the committee in so far as the estate of the incompetent will permit, and that payment for such maintenance and care be made to Middletown State Hospital upon presentation of a proper bill therefor.    No costs.